## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STACY PEARSON and CARLA PEARSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.  SA-12-CA-1028-XR** |
| **VS.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### ORDER

On this day the Court considered Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (Docket No. 16), Plaintiffs' Response (Docket No. 18), and Defendant's Reply (Docket No. 19).  For the following reasons, the Court GRANTS Defendant's motion to dismiss.

### I. Background

The IRS initiated an examination of the 2008 and 2009 tax periods and issued a Statutory Notice of Deficiency to Plaintiffs on May 10, 2012 showing a tax deficiency for 2008 of $11,896 and for 2009 of $14,908.  *See* First Amended Complaint ¶ 13.  Plaintiffs paid the assessments in full. *See id*. ¶ 14.  Thereafter, Plaintiffs allege that they mailed refund claims for the 2008 and 2009 tax years on June 15, 2012, and that both mailings were received by the IRS on June 18, 2012.  *See id*. ¶ 16.  Plaintiffs further allege that they received a Notice of Tax Due on Federal Tax Return for the 2008 Form 1040 dated July 30, 2012 stating that an additional tax of $1,654.30 was due.  *See id*. ¶

15.  Plaintiffs allege that they paid this on August 21, 2012.  *See id*.  Plaintiffs also allege that they received a Notice of Tax Due on Federal Tax Return for the 2009 Form 1040 dated September 3, 2012 stating that an additional tax of $1,308.76 was due.  *See id*. ¶ 16.  Plaintiffs allege that they paid this on September 7, 2012.  *See id*.  Stacy Pearson alleges that he telephoned the IRS during the first week of October 2012 and was told that the refund claims were disallowed.  *See id*. ¶ 21.

IRS sent a letter dated October 24, 2012 informing Plaintiffs that the IRS "received [Plaintiffs'] inquiry requesting a reconsideration of prior audit results for the [2009] tax year."  *See* Docket no. 22 (Plaintiffs' Exhibit C).  The letter details the necessary procedures Plaintiffs must take under the audit reconsideration process.  *See id*.  The letter further indicates that the IRS will "send [Plaintiffs] a written explanation of the reason(s) for [the] determination."  *Id*.  Plaintiffs allege that this letter was constructive notice of the disallowance of the 2009 claim.  *See id*.; *see also* Exhibit B.  Plaintiffs filed this lawsuit on October 30, 2012, less than six months after they filed their claims for refund.

## II. Legal Standard

The district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws," under 28 U.S.C. § 1346(a)(1).  However, this waiver of the United States' sovereign immunity is subject to additional conditions set forth in the Internal Revenue Code's Anti–Injunction Act, 26 U.S.C. § 7422(a).  *See United States v. Dalm*, 494 U.S. 596, 601 (1990) ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's

right to bring a refund suit upon compliance with certain conditions.  The first is § 7422(a), which . . . limits a taxpayer's right to bring a refund suit."); *see also* 26 U.S.C. § 6532(a) (imposing additional conditions on suits brought under § 7422(a)).

Under § 7422(a), before a taxpayer can bring a refund suit, he or she must first fully pay the assessed tax and file an administrative claim for refund with the IRS.  *See* 26 U.S.C. § 7422; *see also U.S. v. Williams*, 514 U.S. 527, 532-33 (1995).  A claim for refund "must set forth in detail each ground upon which a credit or refund is claimed and the facts sufficient to apprise the Commissioner of the exact basis thereof."  Treas. Reg. § 301.6402-2(b)(1).  Moreover, pursuant to 26 U.S.C. § 6532(a)(1), "no suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under [section 7422] unless . . . a decision [is rendered] within that time."  That is to say, only after the IRS has rendered a decision, or has not acted upon the claim for six months, does the federal district court have subject matter jurisdiction.  *See* 26 U.S.C. §§ 6532(a) and 7422; *see also Flora v. United States*, 362 U.S. 145 (1960).

### III. Analysis

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant contends that this Court does not have jurisdiction over the 2008 and 2009 refund claims because the suit was filed within the six-month period that the IRS has to review the claim, and thus the case must be dismissed.  *See* Defendant's Motion, at 3.  Plaintiffs argue that the IRS has rendered a decision of disallowance of the claims for refund multiple times, thereby allowing Plaintiffs to proceed with the filing of the suit.  *See* Plaintiffs' Response, at 3-4.

In this case, the jurisdictional prerequisites to a refund suit have not been met.  Specifically,

contrary to Plaintiffs' position, there is no clear evidence that the IRS rendered a decision on Plaintiffs' refund claims for the 2008 and 2009 tax years within the six-month period.  Plaintiffs contend that the oral notification that the claims had been denied, the notice of tax due, and the October 24, 2012 letter are all evidence that the IRS rendered a decision on the Plaintiffs' refund claims.  Plaintiffs argue that the statute requires only that a decision be made, and there is no requirement that it be sent by registered or certified mail.  However, although § 6532 speaks of a "decision," it also expressly contemplates that disallowance will be communicated by written notice sent by certified or registered mail.  *See* §§ 6532(a)(1), (a)(3)–(4).[1]  In fact, § 6532(a)(3) refers to this as a "requirement": "If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed."

Nevertheless, Plaintiffs point to the district court's decision in *Gervasio v. United States*, 627 F. Supp. 428 (N.D. Ill. 1986), in which the district court held that the Government waived strict compliance with the notice requirements by refusing to accept the plaintiff's claim and then mailed the claim form back to her by first-class mail.  The district court noted that, read literally, the Code

---

[1] (a) Suits by taxpayers for refund. –

(1) General rule.--No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

. . .

(3) Waiver of notice of disallowance.--If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.

(4) Reconsideration after mailing of notice.--Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

and regulations "require only that the notice of disallowance triggering the two-year statute of limitations be [sent by registered or certified mail]," while neither the statute nor the regulations contain similar requirements for denials of claims during the six-month waiting period.  However, it also stated that "[w]hether the requirements of notice by registered or certified mail and from a particular person apply to denials during the waiting period appears to be an open question." Without deciding that question, the court held that the refusal to accept the claim and mailing the form back was a waiver of strict compliance because it was clear that plaintiff would not have received a more formal notice of denial had she waited.

In contrast to *Gervasio*, the October 24 letter shows that the IRS was considering Plaintiffs' 2009 refund claim and needed additional information.  *See id.* ("[Y]ou must submit supporting documentation for each disputed item from your original audit. . . . If the information that you provide us supports a reduction to your tax liability, we will make the necessary adjustments to your account.").  Nothing in the letter indicates that the refund claim was previously disallowed.  *See id*. The letter specifically states that IRS "received" Plaintiffs' "inquiry requesting a reconsideration of prior audit results for the [2009] tax year," indicating that the IRS received Plaintiffs' mailings of the refund request seeking reconsideration of the original audit.  The letter also states that the IRS would send notice of its decision by mail.  *See* Docket no. 22 (Plaintiffs' Exhibit C) ("We will send you a written explanation of the reason(s) for our determination.").  The Court agrees with the United States that it need not decide whether the alleged oral statement made during the telephone call in early October constitutes a decision because the October 24 letter shows that the IRS had not rendered a decision on the claim at that time, but was instead still considering it.

Thus, the evidence fails to show any action on IRS's part within the six-month period that

amounts to an unequivocal denial of Plaintiffs' claims.  In fact, the October letter shows that Plaintiffs could have received a decision in their favor during the six-month waiting period because the IRS was still considering their claims.  Therefore, Plaintiffs have failed to show any unequivocal decision rendered by the IRS and thus have failed to satisfy the statutory prerequisites for bringing a tax refund action in district court pursuant to 26 U.S.C. § 6532(a)(1).  Accordingly, sovereign immunity exists and the Court lacks jurisdiction.

**B. Motion for Leave to File Amended Complaint**

Plaintiffs request that this Court allow them to file an amended complaint that reflects the Plaintiffs' exhaustion of the statutorily mandated six-month waiting period under § 6532.  A district court may consider the futility of an amendment in deciding to grant leave to amend.  *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  If an amendment would be futile, it may be disallowed. *Emory v. Texas State Bd. Of Medical Examiners*, 748 F.2d 1023, 1027 (5th Cir. 1984). Plaintiffs contend that because the statutorily designated period of six months has passed since the Complaint was filed, they "have satisfied statutory prerequisites for bringing a tax refund action in District Court." Plaintiffs' Motion for Leave to File First Amended Complaint ¶ 4. However, the United States argues that the Court does not have jurisdiction to allow leave to amend the complaint if it has no subject matter jurisdiction over the case. United States' Motion to Dismiss, at 4.

Neither the Supreme Court nor the Fifth Circuit has addressed whether this Court may allow Plaintiffs to amend pleadings to cure six-month jurisdictional defects in cases, as here, in which the statutory prerequisites of § 6532 are satisfied only after the case was filed.  The Tenth Circuit has ruled on this issue, allowing a taxpayer to cure his failure to file an administrative claim and pay tax

before filing suit. *Mires v. United States*, 466 F.3d 1208, 1209-12 (10th Cir. 2006).[2]  However, the Fifth Circuit has considered a similar issue under the Federal Tort Claims Act ("FTCA"),[3] which sets forth a similar waiver of sovereign immunity, must be strictly construed, and requires that administrative remedies be exhausted before suit may be filed.  In that context, the Fifth Circuit has held that a district court may not grant leave to amend a complaint when the plaintiff filed suit before exhausting his or her administrative remedies.  *See Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984).

In *Reynolds*, the court determined that parties must strictly adhere to statutory mandates that suits may be filed only after administrative avenues have been exhausted. Reynolds filed an administrative claim with the United States Veterans Administration ("VA") on April 22, 1982 for injuries suffered in a fall, and she filed an FTCA suit against the VA on August 10, 1982. *Id.* at 291. The VA sent Reynolds a notice of denial of her claim on October 22, 1982. *Id.* The Fifth Circuit held that, not only did the district court properly dismiss the Plaintiff's suit for lack of subject matter jurisdiction, but also that the district court properly dismissed the amended complaint. *Id.* at 293.

---

[2] The *Mires* holding, however, is admittedly narrow and tailored to the "circumstances of this case." *Mires v. United States*, 466 F.3d 1208, 1212 (10th Cir. 2006). In addition, the jurisdictional defects involved in *Mires* do not involve the six month time frame to which parties must adhere, but rather the payment of contested taxes. The Southern District of Texas has held that a complaint under 26 U.S.C.A. § 6532 may be amended, the court's lack of subject matter jurisdiction notwithstanding. *Whittington v. United States*, 380 F. Supp. 2d 806, 813 (S.D. Tex. 2005). That court, however, did not explain how it had jurisdiction to amend the complaint. Rather, it relied on *Provenzano v. United States*, 123 F. Supp. 2d 554 (S.D. Cal. 2000), in which the district court dismissed for lack of subject matter jurisdiction with thirty days leave to amend but did not explain how it retained jurisdiction to allow leave to amend.

[3] In pertinent part, 28 U.S.C. § 2675(a) states that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

The Fifth Circuit reasoned that under Federal Rule of Civil Procedure 15(c), the amended complaint could only relate back to the date on which the original complaint was filed, at which time the district court lacked subject matter jurisdiction.  *Id.*

The Fifth Circuit has also held that district courts must dismiss FTCA suits filed before the six-month waiting period has ended.  *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *Hinojosa v. United States Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013). In *Gregory v. Mitchell*, the Fifth Circuit held that the district court properly dismissed Plaintiffs' FTCA claim for lack of subject matter jurisdiction because Plaintiffs filed suit before the six-month waiting period had ended and before a formal denial had been issued. There, rather than seek leave to amend the original petition, the Plaintiffs argued that "the six month requirement [was] . . . meaningless because the period [had] already run." 634 F.2d at 204. The Court rejected this argument, holding that "[w]aivers of sovereign immunity must be strictly construed" and that "jurisdiction must exist at the time the complaint is filed."  *Id.*  The Court further stated that "to allow the district court to stay or hold in abeyance the damage claim against the [Defendant agency] until the six-month period accrues would tend to increase the congestion in our already burdened district courts." *Id.*  More recently, in *Hinojosa v. United States Bureau of Prisons* the Fifth Circuit followed its ruling in *Gregory*, stating that "even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim." 506 F. App'x at 283. There, because Hinojosa filed his complaint just one week after filing his administrative claim—before his administrative claim was denied or six months had passed—the Court held that the district court lacked subject matter jurisdiction.  *Id.*

Here, as in *Reynolds* and *Gregory*, the Plaintiffs filed suit before the statutorily designated

six-month period had been exhausted.  Here, too, the Plaintiffs seek to amend an original complaint over which the district court lacks subject matter jurisdiction.  Accordingly, the Court lacks subject matter jurisdiction over the proposed amended complaint, and the Plaintiffs' motion for leave to file an amended complaint is futile and must be denied. The jurisdictional defects, however, may be cured by simply re-filing the case. *Cf. Tucker v. Alexander*, 275 U.S. 228, 231 (1927) ("Failure to observe [Treasury statutes and regulations] does not necessarily preclude recovery. If compliance is insisted upon, dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations.").

### Conclusion

For the foregoing reasons, the Court finds that Plaintiffs failed to comply with the statutory prerequisites to waive sovereign immunity on their refund claims.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims.  Defendant's motion to dismiss (docket no. 16) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Further, because this Court lacks subject matter jurisdiction, Plaintiffs' motion for leave to file amended complaint (Docket No. 13) is DENIED.  Plaintiffs' motion to strike (Docket No. 20) is DENIED.  The Clerk is directed to close this case and to issue a final judgment.

It is so ORDERED.

SIGNED this 8th of July, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE